

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED 24 JUN '11 11:15 USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| **WILLIAM PROPHET**, | Case No.: **CV'11 - 772 SU** |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **ATLANTIC CREDIT & FINANCE, INC.**, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, William Prophet ("Plaintiff"), is a natural person residing in Grant County, Oregon.

Complaint – Page 1

# 41186

4. Defendant, Atlantic Credit & Finance, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Falsely representing the character, amount, or legal status of Plaintiff's debt, including stating inconsistent balances through Defendant's agents. Defendant has hired multiple firms to collect debts from Plaintiff. The two most recent firms hired by Defendant are Full Circle Financial Service ("Full Circle") and Midland Credit Management ("MCM"). Full Circle sent a letter to Plaintiff dated August 19, 2010, which stated a balance owed of $7,823.43. The next agent, MCM, sent a letter dated 5-5-2010, which stated a balance owed of $7,622.94. In the interim between these two letters, Plaintiff did not make any payments. Plaintiff is not aware of anything that would explain the difference between the balances stated by Full Circle and MCM, and is

rightfully confused about what he allegedly owes to Defendant (§ 1692e(2)(A)).

10. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's alleged misrepresentations were material because they caused Plaintiff to be confused about what he actually owes and because it caused Plaintiff to be fearful that if he did pay the amount alleged to be owed by MCM that Atlantic would still claim he owed the additional amount that Full Circle stated he owed.

12. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 22nd day of June, 2011

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff